E-NTC
CLERK, U.S BANKRUPTCY COURT
DISTRICT OF OREGON
OCT 22 2004
LODGED____ REC'D____
PAID____ DOCKETED____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON   BK 04-31989-tmb11

In re:                                           O R D E R

SHERWOOD H.D., LLC,                              Civ. No. 04-1258-AA

    Debtor-Appellant.

---

AIKEN, Judge:

    The single issue before this court is whether the filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code by the Debtor transforms the Debtor from a limited liability company into a different entity such that the filing of the voluntary petition requires the consent of a majority of the debtor members pursuant to Or. Rev. Stat. § 63.130(4)(f). I find such a transformation occurs and therefore, a majority consent is required. The Bankruptcy Court's April 27, 2004, Order granting Langer's motion to dismiss the bankruptcy filing is affirmed.

### STATEMENT OF FACTS

    Briefly, the Debtor is an Oregon limited liability company ("LLC") governed by Oregon law. Mr. Brenneke (Debtor-Appellant) is the "manager" of the corporation according to the Oregon Secretary of State's official records. Mr. Brenneke and Mr. Langer are each 50% members of the Debtor pursuant to the Order

1 - ORDER

Certified to be a true and correct copy of original filed in my office.
Dated 12/2/04
Donald M. Cinnamond, Clerk
By _____ Deputy

and Decree entered on December 26, 2003, in Washington County Circuit Court, and pursuant to an agreement placed on the record in that same matter on October 21, 2003. The parties agree that there is no Operating Agreement for the Debtor.

On March 9, 2004, Mr. Brenneke as a "member" of the Debtor filed a Chapter 11 petition for the Debtor pursuant to the United States Bankruptcy Code, Title 11. Mr. Langer did not and does not consent to the filing of the Chapter 11 petition. By Order entered on April 27, 2004, the Bankruptcy Court granted Langer's Motion to Dismiss. On May 6, 2004, Debtor filed the appeal at bar.

## DISCUSSION

When considering whether the filing of a voluntary Chapter 11 petition by the Debtor transforms the Debtor from a LLC into a different entity such that the filing requires the consent of a majority of the Debtor members, the court looks first to the plain language of Or. Rev. Stat. ¶ 63.130(4)(f). That statute provides in relevant part:

> Chapter 63 - Limited Liability Companies
>
> Rights of members and managers; consent required
>
> . . . .
>
> (4) Unless otherwise provided in the articles of organization or any operating agreement, the following matters of a member-managed or a manager-managed limited liability company require the consent of a majority of the members:
>
> . . . .
>
> (f) The conversion of the limited liability company into any other type of entity[.]

ORS 63.130(4)(f).

2 - ORDER

The parties agree that there is no operating agreement at issue, and that the articles of organization do not contain any specific language relevant to this issue, therefore I will assume that if there has been a conversion of the LLC into "any other type of entity," the consent of a majority of the members is required. Since there are two members here, each owning 50% of the Debtor, a majority consent requires the approval of both members.

The Debtor-Appellant argues that the Debtor's filing of its voluntary petition under Chapter 11 did not convert Debtor into "any other type of entity." I disagree.

The Debtor-Appellant relies primarily on NLRB v. Bildisco & Bildisco, 465 U.S. 513 (1984), for its argument that despite the Chapter 11 filing, there was no conversion of the LLC into any other type of entity. It is important to note, however, the facts within which this issue arose. The Court in Bildisco was deciding whether the National Labor Relations Board could find a debtor-in-possession guilty of an unfair labor practice for unilaterally rejecting or modifying a collective-bargaining agreement before formal rejection by the Bankruptcy Court. Id. at 527. Specifically, the Court was faced with the question of whether certain provisions of the National Labor Relations Act apply when a debtor-in-possession unilaterally breaches a collective-bargaining agreement. The parties could not agree whether the debtor was more properly characterized as an "alter ego," or a "successor employer" of the pre-bankruptcy debtor, as those terms have been used in the Supreme Court's labor decisions. Id. at 528. The Supreme Court, after declining to

3 - ORDER

identify which, if either, of those terms represents the closest analogy to the debtor-in-possession stated:

> Obviously if the [debtor-in-possession] were a wholly new entity, it would be unnecessary for the Bankruptcy Code to allow it to reject executory contracts, since it would not be bound by such contracts in the first place. <u>For our purposes</u>, it is sensible to view the debtor-in-possession as the same entity which existed before the filing of the bankruptcy petition, but empowered by virtue of the Bankruptcy Code to deal with its contracts and property in a manner it could not have done absent the bankruptcy filing.

<u>Id.</u> at 528 (emphasis added).

The Court concluded that the debtor-in-possession was not subject to the relevant labor laws because the Bankruptcy Code rendered the collective-bargaining agreement unenforceable. <u>Id.</u> at 532. I do not find, however, that <u>Bildisco</u> held that a debtor-in-possession can not be held legally distinct from the pre-bankruptcy corporation. Instead, I find that the Supreme Court's holding is limited to the facts of the case - that is, deciding whether the National Labor Relations Act applies when a debtor-in-possession unilaterally breaches a collective-bargaining agreement. Thus, the Ninth Circuit's characterizations in <u>Bonner Mall</u> and <u>Hillis Motors</u>, both post-<u>Bildisco</u> decisions, of debtor-in-possession as an entity that is legally distinct from its pre-petition form are relevant and persuasive. <u>See</u> <u>Hillis Motors, Inc. v. Hawaii Automobile Dealers' Assoc.</u>, 997 F.2d 581, 585 n.6 (9th Cir. 1993)("[i]n the majority of Chapter 11 cases, a trustee is not appointed but rather the debtor's management maintains operation of the business. In such cases the debtor is known as the debtor in possession, which is a legally distinct entity"); and <u>In re</u>

4 - ORDER

<u>Bonner Mall Partnership</u>, 2 F.3d 899, 915 (9th Cir. 1993) ("the very purpose of the Code's creation of the debtor-in-possession was to increase the power of those in control of the debtor during the reorganization process. Bankruptcy law is very formalistic in that it treats the debtor, the debtor-in-possession, and old equity as legally distinct entities when in reality they may all be one and the same").

Moreover, the Ninth Circuit Bankruptcy Appellate Panel has recently spoken on this issue. See <u>In re Cheng</u>, 308 B.R. 448 (BAP 9th Cir. 2004). There, the court noted that, "distinguishing a debtor from a debtor in possession in bankruptcy litigation is more than a matter of labels, but rather requires a nuanced focus on what is at stake and how various interests are aligned or in conflict." <u>Id.</u> at 4456 n.3. <u>Cheng's</u> point supports a finding that a Chapter 11 filing by an LLC in dissolution turns the Debtor into a 'different entity' for purposes of Or. Rev. Stat. § 63.130(4)(f). The debtor-appellant's filing transforms an LLC in dissolution to one no longer in dissolution; from an entity bound by state law to liquidate its assets to one bound by the Bankruptcy code to make a good faith effort to reorganize.

Finally, I rely on a decision recently issued by the Bankruptcy court, <u>In re Avalon Hotel Partners, LLC</u>, 302 B.R. 377 (Bankr. D. Or. 2003). There, the court reviewed whether an Oregon limited liability company's bankruptcy was properly authorized. The court first noted that Oregon LLCs are governed by the provisions of the Oregon Revised Statutes Chapter 63, their Articles of Organization, and their Operating Agreements. This case was commenced following the adoption of a resolution by

5 - ORDER

Avalon's manager authorizing the filing of a Chapter 11 petition, without member approval. Pursuant to the Operating Agreement, "Major Decisions" required the approval of members holding "in excess of 75% of the Ownership Interests." Id. at 380. The court held that pursuant to Or. Rev. Stat. § 63.130(4)(f), "a decision to convert an LLC into any other type of entity requires the consent of a majority of the members. By filing a chapter 11 petition, [Avalon] was converted into a debtor-in-possession, charged with the fiduciary responsibilities of a trustee in bankruptcy under Section 1107(a)." Id. 380-81. The court concluded that the filing of the bankruptcy petition by Avalon's manager without member approval was not authorized either by Oregon law or the Operating Agreement, and therefore found that under those circumstances, Avalon's motion to dismiss should be granted. Id. Those are exactly the circumstances of the case at bar. The Debtor-Appellant's filing under Chapter 11 was not authorized either by Oregon law or by any Operating Agreement. The Chapter 11 filing converted the LLC to another type of entity, charging the debtor-in-possession with the fiduciary responsibilities of a trustee in bankruptcy; so that whether the Debtor-Appellant had the required majority consent of the members became relevant. There is no dispute that it did not.

///
///
///
///
///
///

6 - ORDER

## CONCLUSION

The Bankruptcy Court's April 27, 2004, Order granting Langer's motion to dismiss this case is AFFIRMED.

IT IS SO ORDERED.

Dated this 21 day of October 2004.

*Ann Aiken*
Ann Aiken
United States District Judge

7 - ORDER